**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CASTLE MEDICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-CV-02457-AT |
| | ) | |
| LABSOURCE, LLC, JOSEPH CASE, | ) | |
| and DANIEL MCCOLLUM | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317
1130 Hurricane Shoals Road, NE Ste. 2600
Lawrenceville, GA 30043
Telephone (678) 878-3042
Email: tarek@josephaleem.com
Counsel for Defendants

## I.  INTRODUCTION

Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition") adds little in the way of legal argument; instead, Plaintiff merely asserts that it has met its burden of pleading sufficient facts to withstand a motion to dismiss.  This argument fails.  In several instances, Plaintiff admits in its Opposition that its allegations are confusingly pled and improperly group together multiple Defendants without any supporting facts.  Plaintiff also failed to adequately address Defendants' primary arguments in its Motion to Dismiss, namely that Plaintiff's Complaint (1) is an impermissible "shotgun" pleading; (2) does not satisfy Rule 8 pleading obligations; (3) does not plead computer fraud, trade secret misappropriation or any of Plaintiff's claims with the requisite specificity required by each claim or, in certain cases, the particularity required by Rule 9(b); (4) lacks required factual elements for several causes of action; (5) and impermissibly attempts to assert claims for unjust enrichment and injunctive relief, which are remedies instead of causes of action.  Accordingly, Plaintiff's claims fail under Fed. R. Civ. P. 12(b)(6) and the Court should dismiss its Complaint with prejudice.

## II.  ARGUMENTS AND CITATIONS OF AUTHORITY

### A.    Plaintiff's Complaint is a "Shotgun" Pleading

Despite Plaintiff's arguments to the contrary, Plaintiff's complaint is a shotgun pleading.  Plaintiff only makes three substantive arguments: (1) it has

alleged "core facts" and supplemented them by incorporating by reference (Opposition, ¶5); (2) it is not required to distinguish between defendants as to the Complaint's allegations and there is no need to differentiate between them because they are alleged to have engaged in the acts/omissions that give rise to Castle's claims (Id.); and (3) Defendants somehow seek to expand the obligation imposed by Rule 9(b).    All of Plaintiff's arguments are without merit.

First, Plaintiff failed to address the fact that Plaintiff's allegations in its causes of action are pled as grossly generalized legal conclusions without corresponding supporting facts. (See, e.g., Compl., ¶58, ¶59, ¶62, ¶70).  Federal case law is very clear that this is not enough to survive a motion to dismiss.  A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The fact that Plaintiff pled some supporting facts is unpersuasive as key allegations are unsupported by material facts and consist solely of legal conclusions.

Second, Plaintiff unsuccessfully attempts to distinguish its case from *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001), on the grounds that the complaint in that case was different than the case at issue.  Plaintiff however failed to demonstrate any meaningful difference; as in *Magluta*, here, Plaintiff has asserted every count against all Defendants with the exception of its breach of

2

fiduciary duty and corresponding aiding and abetting claims, without regard as to whether this is appropriate.  As in *Magluta*, temporal and other realities establish that all of the defendants could not have participated in every act complained of. For example, Plaintiff's claim for defamation against all Defendants is particularly absurd because Labsource is a corporate defendant and cannot speak for itself. Even if Plaintiff's argument that all defendants are alleged to have engaged in the acts/omissions that give rise to Castle's claims is accepted, its charging allegations fail the simple standard of putting Defendants on notice of claims asserted against them.  Plaintiff's attempt to distinguish *Freese v. Bank of America* fails as Plaintiff does not clarify why that case is inapplicable, preferring instead to note that the plaintiff was allowed a chance to amend its claims and that Plaintiff has supposedly not acted "willfully" or in "bad faith" in bringing this action. (Opposition, ¶6, fn. 4).  Plaintiff does not bother to address Defendants' numerous other authorities, such as *Paylor v. Hartford Fire Ins. Co*., *Veltmann v. Walpole Pharm., Inc.*, *Beckwith v. Bellsouth Telecomms., Inc.*, *Branham v. Astrue*, *W. Coast Roofing & Waterproofing Inc. v. Johns Manville Inc.*, the applicability of which should be deemed admitted by Plaintiff.

Plaintiff's final argument, that Defendants somehow seek to expand the "particularity" obligation imposed by Rule 9(b) to all of its claims, is incorrect. Defendants instead argue that Plaintiff should be required to plead sufficient

factual allegations to raise a right to relief above a speculative level and allow Defendants fair notice of what Plaintiff's claims are and the factual grounds upon which such claims rest, as required by *Twombly, Iqbal*, other relevant case law, and F.R.C.P. Rule 8(a)(2).  As Plaintiff recognizes, a complaint must contain "either direct or inferential allegations respecting **all the material elements necessary** to sustain a recovery under some viable legal theory."  (Opposition, ¶4) (emphasis added).  Plaintiff has failed to meet that standard and failed to provide any factual allegations as to all or substantially all of the material elements of its claims.

### B. Plaintiff Fails to State a Claim for Injunctive Relief

Plaintiff requests both preliminary and permanent injunctive relief in its Complaint.  See, e.g., Compl., ¶¶1, 38-42.  Instead of requesting such relief in its prayer or by way of noticed motion and following the procedure outlined in F.R.C.P. 65, Plaintiff attempts to request such relief as a standalone cause of action, which is improper.  Even if this Court recognizes Plaintiff's allegations as somehow sufficient to support its request of such relief in its Complaint, (which it should not, as Plaintiff failed to plead facts supporting several critical factors), its injunctive relief "cause of action" is still subject to dismissal.

Plaintiff cited no case law supporting its right to plead injunctive relief as a cause of action, because it cannot.  See, e.g., *Padilla v. U.S.*, 659 F.Supp.2d 1290, 1294 (Ct. Int'l Trade 2009) ("[I]t is highly irregular for a party to request a

4

preliminary injunction as part of the substantive relief sought in the Complaint itself. Indeed, such an approach is conceptually flawed. The Court therefore construes Count I as an application for preliminary injunction, and not as a substantive cause of action.")  Georgia and Federal law is clear that injunctive relief is a remedy, not a cause of action.  See *Westpark Walk Owners, LLC v. Stewart Holdings, LLC,* 655 SE.2d 254, 258 (Ga. Ct. App. 2007) (injunction is a "harsh **remedy**") (emphasis added).  Numerous opinions show that in similar situations, courts have dismissed "causes of action" for injunctive relief.  See *Sutton v. Bank of Am., N.A.*, No. 1:11-CV-3765-CAP, 2012 WL 2394533, at *7 (N.D. Ga. Apr. 11, 2012) ("[I]njunctions and declaratory judgments are forms of relief and not independent causes of action." [Doc. No. 9, p. 21]. Accordingly, to the extent the plaintiff has pled causes of action on these bases, they are DISMISSED."); *Hanover Ins. Grp. v. Singles Roofing Co.*, No. 10 C 611, 2012 WL 2368328, at *8 (N.D. Ill. June 21, 2012) ("a preliminary injunction is "a remedy that is available upon the showing of certain well-defined requirements"). Accordingly, Plaintiff's claim for injunctive relief must be dismissed.

### C. Plaintiff Fails to State a Claim for Breach of Fiduciary Duty or Duty of Loyalty; Fails to State a Claim for Aiding and Abetting Such Breach

As described in Defendants' motion to dismiss, Plaintiff's claim for breach of fiduciary duty fails because (1) Plaintiff failed to allege Case stood in a

fiduciary relationship or owed a fiduciary duty to Castle; and (2) Plaintiff failed to allege any facts showing that Case is a fiduciary.  Plaintiff implicitly admits that it failed to allege these critical facts.  However, in its Opposition, Plaintiff attempts to do an end-run around this problem by arguing that its allegations are sufficient to warrant Defendant Case as being considered a "de facto officer."

Plaintiff's attempt is improper on a motion to dismiss, because it asks the Court to make a factual determination that must be reserved for the jury to decide. Plaintiff also misrepresents the allegations in its Complaint and attempts to mislead this Court, stating that "By alleging that Case was at least a de facto officer, Castle has pled the predicate for its claim against him for breach of his fiduciary duties." (Opposition, ¶11).  In fact, nowhere in Plaintiff's complaint did it allege Defendant Case was a de facto officer.  Even if this Court accepts Plaintiff's "de facto officer" argument, which it cannot without usurping the functions of the jury, Plaintiff has cited to no case law stating that "de facto" officers owe corporations a fiduciary duty which would be necessary for its claim to proceed.  Plaintiff's claim for breach of fiduciary duty must fail.

Plaintiff next contends that even if its breach of fiduciary duty claim fails, Defendant Case still owed Plaintiff a duty of loyalty.  Plaintiff claims that Defendants have contended a breach of the duty of loyalty is not separately actionable under Georgia law.  In fact, Defendants have said no such thing.

6

Defendants have merely argued that such a claim must fail for vagueness and uncertainty as Defendants cannot tell if Plaintiff meant to plead that Defendant Case breached his fiduciary duty of loyalty, which would fail for the same reasons discussed above, or was making out a cause of action for breach of the duty of loyalty under Georgia law. Despite Plaintiff's attempt to combine distinct tort causes of action into one confusing jumbled mess of a "cause of action", which is improper, Plaintiff now contends that it is clear that it intended to claim a breach of the state law duty of loyalty. Even if the Court recognizes this cause of action, it fails because Plaintiff failed to allege that Defendant Case was an employee of Castle, and under Plaintiff's own authorities, this is a critical element of the tort. (Opposition, ¶12). Therefore, any claim of breach of the duty of loyalty, whether premised on Georgia state law or otherwise, must fail.

Finally, Plaintiff argues it has sufficiently alleged a claim for aiding and abetting breach of fiduciary duty "by pleading the elements of this claim with supporting facts", and that Defendants have somehow tried to apply Rule 9(b) pleading requirements to Plaintiff's aiding and abetting claim.

Defendants made no such argument. Instead, Defendants argued that 1) Plaintiff pled only legal conclusions and omitted required factual elements of its aiding and abetting claims, and 2) Plaintiff's claims for aiding and abetting are derivative claims premised on a breach of fiduciary duty, which doesn't exist

because Plaintiff failed to plead the existence of a fiduciary relationship or fiduciary duty as discussed above. Predictably, Plaintiff did not respond to this latter argument at all, which means it should be deemed admitted by this Court. Instead of pointing out where Plaintiff has alleged the required factual elements of the tort of aiding and abetting, Plaintiff merely proffered generic legal conclusions.

Finally, Plaintiff's aiding and abetting claims fail because federal district and appellate courts, when faced with similar requests to apply aiding and abetting liability, have held it inapplicable and invalid. In other words, case law is clear that aiding and abetting liability for breach of fiduciary duty does not exist. See *Matter of Munford*, Inc., 98 F.3d 604, 613 (11th Cir. 1996) ("In this case, we decline to extend aider and abettor liability to breaches of fiduciary duty concluding that Georgia courts would not recognize such a cause of action. To hold otherwise, as the district court found, would enlarge the fiduciary obligations beyond the scope of a confidential or special relationship.") As such, Plaintiff's claim for aiding and abetting must be dismissed.

## D. Plaintiff Fails to State a Claim for Tortious Interference with Contractual and Business Relations

In its Opposition, Plaintiff admits that it meant to plead tortious interference with contractual relations and tortious interference with business relations in one combined cause of action. (Opposition, ¶13). These are two separate, distinct

torts that required Plaintiff to plead in two separate causes of action, but Plaintiff's complaint confusingly jumbles them together.  Furthermore, Plaintiff did not plead the required elements of either tort, and Plaintiff's opposition does not identify how each of its allegations relate to the elements of each tort.  Plaintiff has effectively confirmed that its complaint is a shotgun pleading. In any event, Plaintiff's opposition adds nothing. Even if the Court gives Plaintiff two bites at the apple, its allegations for tortious interference with business and contractual relations are fatally defective and cannot withstand a motion to dismiss, as described in Defendants' motion to dismiss.

### E. Plaintiff Fails to State a Claim for Defamation

Plaintiff's Opposition claims that the law does not require it to plead defamation to the "degree of specificity" Defendants have argued it does.  In fact, Plaintiff's defamation allegations fail to even put Defendants on notice of its claims for defamation.  Plaintiff simply asserts that it is not required to even identify each defendant making any alleged defamatory statement, what such statements were, and to whom such statements were published, all of which are required elements of defamation.  Clearly, the law does not contemplate such absurdity and allow such vagueness.

In addition to failing to allege required facts of defamation, Plaintiff does not follow the law in its own case cited, *Scouten v. Amerisave Mortg. Corp.*, 283 Ga.

72, 73 (2008).  Plaintiff identifies one element of slander, and asserts that it has complied with that aspect as if it speaks for the entire tort.  (Opposition, ¶16).  In fact, the language cited by Plaintiff in *Scouten* states that Plaintiff must allege publication of the slander, which Plaintiff has failed to do by failing to allege who the slander was published to.  Plaintiff's claim for defamation fails as law requires Plaintiff to allege more, and as such, cannot withstand a motion to dismiss.

**F. Plaintiff Fails to State a Claim for Unjust Enrichment and Such a Claim is Preempted by the Georgia Trade Secrets Act**

As Plaintiff recognizes, unjust enrichment applies when there is no legal contract.  (Opposition, ¶16).  Here, Plaintiff has pled the existence of a legal contract, (see, e.g. Compl. ¶¶ 55, 56) and Plaintiff did not plead unjust enrichment as an alternate theory of recovery.  Therefore, Plaintiff's unjust enrichment claim fails.  In addition, Plaintiff also ignores that it has failed to plead the existence of a benefit conferred upon or retained by Defendants.  As such, this argument must be deemed admitted by Plaintiff.

Plaintiff recognizes unjust enrichment claims are preempted if they are based on alleged misappropriation of trade secrets.  (Opposition, ¶17). However, Plaintiff argues its unjust enrichment claim is not preempted because it is not "solely" premised on alleged misappropriation of trade secrets, but also some other unspecified conduct.  Plaintiff has not alleged any conduct requiring the

application of unjust enrichment.   Accordingly, its claim for unjust enrichment must be dismissed.

## G. Plaintiff Fails to State a Claim for Usurpation of Corporate Opportunities

Plaintiff's claim for usurpation of corporate opportunities fails as Plaintiff did not allege that any of the Defendants were officers or directors of Plaintiff. As discussed above, Plaintiff's argument that Case was a "de facto" officer is invalid. Plaintiff's claim that Defendants Labsource and McCollum can be held liable also fails.   Labsource and McCollum are not officers or directors of Plaintiff, and cannot have derivative liability due to Plaintiff's failure to plead that Case was an officer or director. Additionally, usurpation of a corporate opportunity is in itself a breach of the fiduciary duty of loyalty. Plaintiffs already have a separate claim for breach of fiduciary duty. Thus, their claim for usurpation is duplicative and should thus not qualify as a separate standalone cause of action and should be dismissed.

## H. Plaintiff Fails to State a Claim for Misappropriation of Trade Secrets

Instead of providing any additional argument, Plaintiff merely claims that it has pled allegations supporting the required elements for its misappropriation of trade secrets claim.   This is false as discussed extensively in Defendants' motion to dismiss.  In addition, the law is unclear that Plaintiff's list of customers constitutes a trade secret.  Therefore, Plaintiff's misappropriation claim fails.

11

## I.  Plaintiff Fails to State a Claim for Conversion

Plaintiff argues that a conversion claim can be based on intangible property by relying on factually distinguishable and unpersuasive cases.  Plaintiff ignores Defendants' on-point case on this topic, *S. Cellular Telecom, Inc. v. Banks*, 208 Ga. App. 286, 290, 431 S.E.2d 115, 120 (1993).  Plaintiff cites to *Sullivan's Admin. Managers II, LLC v. Guar. Ins. Co.*, but in fact, none of the cases Plaintiff cites with the language cited in that case (regarding specific intangible property) demonstrate the type of property Plaintiff claims was taken by Defendants could sustain a claim for conversion.  *Sullivan's* supports a claim for conversion of money (i.e., fungible intangible property) due under an insurance policy. *Trey Inman*, again dealt with conversion of a specific amount of money. The cases cited in *Trey Inman* address money, security instruments, or collateral.  Plaintiff is not claiming conversion of the types of property at issue in those cases.

Plaintiff also never alleged that Castle demanded return of the property, a required element of conversion. Instead, Plaintiff merely states that Defendant Case failed to return company "property" as required by law. (Compl., ¶29) Plaintiff does not allege that it was deprived of the supposedly converted property, as Plaintiff still had access to all computer files or confidential information that it claims Defendant Case allegedly took.  For the foregoing and additional reasons outlined in Defendants' motion to dismiss, Plaintiff's conversion claim fails.

### J. Plaintiff Fails to State Claim for Violation of the CFAA and the GCSPA

Plaintiff's sole argument is that its allegations are sufficient to demonstrate that Defendants' use was "unauthorized" under the CFAA. Case law is clear that when employees are authorized to use computers while employed by their employers, such use, even if it involves emailing documents to the employee's personal computer for purposes later contrary to the employer's interests, cannot be "without authorization" as such employees are entitled to obtain such documents. See *LVRC Holdings v. Brekka*, 581 F.3d 1127 (2009). Defendants respectfully incorporate by reference their arguments in the motion to dismiss.

Plaintiff's CFAA claim also fails for the additional reason that Plaintiff failed to allege "loss" or "damage" that is actionable (and required) under the CFAA. Under 18 U.S. §1030(e)(8) and (11), "damage" means any impairment to the integrity or availability of data, a program, a system, or information; "loss" means any reasonable cost to any victim (as defined by the statute). Plaintiff fails to allege any "loss" or "damage", thus its CFAA claim is subject to dismissal. See *Andritz, Inc. v. Southern Maintenance Contractor, LLC*, 626 F. Supp. 2d 1264 (M.D. Ga. 2009). Finally, a purported misuse of trade secrets typically cannot sustain a CFAA claim. See *U.S. v. Czubinski*, 106 F.3d 1069 (1st Cir. 1997).

Plaintiff's claim for violation of the Georgia Computer Systems Protection Act ("GCSPA") also fails as Plaintiff failed to plead sufficient factual allegations

13

regarding lack of authority and Defendants' knowledge that they lacked authority to access Plaintiff's computers. Because Plaintiff failed to plead the essential elements of these causes of action, Plaintiff's allegations are defective and cannot withstand a motion to dismiss.

**K. Plaintiff Fails to State a Claim for Civil Conspiracy**

Plaintiff's claims for torts have failed to state a claim upon which relief should be granted, thus Plaintiff's claim for civil conspiracy should be dismissed. Nevertheless, should the Court find enough alleged facts in Plaintiff's Complaint to state a claim for a tort cause of action, Plaintiff's claim for conspiracy fails because it rests on unwarranted deductions of fact and does not meet the pleading standards for conspiracy established by *Twombly* and *Iqbal*.

The *Twombly* court upheld the dismissal of a complaint for conspiracy because that plaintiff's "attenuated chain of conspiracy failed to nudge claims across the line from conceivable to plausible." That court held parallel and even interdependent conduct is not enough for a court to draw an inference of agreement between defendants.  Plaintiff fails to allege Defendants came to an agreement to conduct torts against Plaintiff but merely alleges Defendants "met and talked on numerous occasions" regarding an alleged "scheme". (Compl., ¶103).  Meeting and speaking does not warrant a deduction that Defendants agreed on a conspiracy or actually made acts to carry out such a conspiracy.

14

In addition, the deductions themselves merely consist of "an unadorned, the defendant unlawfully-harmed-me", which *Iqbal* held is not enough to withstand a motion to dismiss. Plaintiff merely alleges Defendants "engaged in an unlawful scheme aimed against Castle". Without more factual assertions, this claim is precisely what *Iqbal* identifies as a deficient pleading for conspiracy subject to dismissal. *Sinaltrainal v. Coca-Cola Company*, 578 F. 3d 1252 (11th Cir. 2009), held that its plaintiff's "allegations of conspiracy [were] based on information and belief" and failed to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Iqbal,* 129 S.Ct. at 1949.) Plaintiff's Complaint merely lists a litany of allegations that were "at the behest and knowledge of Castle", "upon Castle's information and belief". (Compl. ¶¶30, 31, 33, 35) Plaintiff's claim for conspiracy should be dismissed because Plaintiff's complaint (i) fails to allege facts showing agreement between Defendants to act against Plaintiff, (ii) relies on unwarranted deductions of fact, (iii) such unwarranted deductions are merely that defendants engaged in an "unlawful scheme", and (iv) it relies on allegations based merely on information and belief.

**V. CONCLUSION**

For the foregoing, Plaintiff's claims against Defendants fail as a matter of law and the Court should dismiss Plaintiff's Complaint with prejudice.

This 10th day of November, 2014.

Respectfully Submitted,

/s/ Tarek Abdel-Aleem __
Tarek Abdel-Aleem
GBN 946317
Counsel for Defendants
Labsource, LLC, Joseph Case,
and Daniel McCollum

JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317
1130 Hurricane Shoals Road, NE Ste. 2600
Lawrenceville, GA 30043
Telephone (678) 878-3042
Email: tarek@josephaleem.com
Counsel for Defendants

16

## CERTIFICATE OF COMPLIANCE

In compliance with N.D. Ga. R. 7.1D, I certify that the foregoing DEFENDANTS'
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS has been
prepared in conformity with N.D. Ga. R. 5.1. This memorandum was prepared
with Times New Roman (14 point) type, with a top margin of one and one-half (1
½) inches and a left margin of one (1) inch.

This 10th day of November, 2014.

/s/ Tarek Abdel-Aleem__
Tarek Abdel-Aleem
GBN 946317
Counsel      for      Defendants
Labsource, LLC, Joseph Case,
and Daniel McCollum

JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317
1130 Hurricane Shoals Road, NE Ste. 2600
Lawrenceville, GA 30043
Telephone (678) 878-3042
Email: tarek@josephaleem.com
Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have electronically filed DEFENDANTS'
REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS with the
Clerk of Court using the CM/ECF system, which automatically provides email
notification of the filing to the following attorney of record:

**<u>Counsel for Plaintiff</u>**
Michael Eric Ross, Esq.
Taylor English, LLP
1600 Parkwood Cir SE
Atlanta, GA 30067

I FURTHER CERTIFY that the undersigned responsible for service of the
above document acknowledges that I am in possession of the original of the
foregoing and the custodian thereof, the same to be held in accordance with the
local rule.

This 10th day of November, 2014.

/s/ Tarek Abdel-Aleem
Tarek Abdel-Aleem
GBN 946317
Counsel     for     Defendants
Labsource, LLC, Joseph Case,
and Daniel McCollum

JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317

18

1130 Hurricane Shoals Road, NE Ste. 2600
Lawrenceville, GA 30043
Telephone (678) 878-3042
Email: tarek@josephaleem.com
Counsel for Defendants