# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **CASTLE MEDICAL, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:14-cv-02457-MHC** |
| | ) | |
| **LABSOURCE, LLC,** | ) | |
| **JOSEPH CASE, and** | ) | |
| **DANIEL MCCOLLUM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF PLAINTIFF CASTLE MEDICAL, LLC TO FIRST AMENDED COUNTERCLAIMS OF DEFENDANTS

Plaintiff/Counter-Defendant Castle Medical, LLC ("Castle") hereby files its Answer to the First Amended Counterclaims of Defendants/Counterclaimants LabSource, LLC ("LabSource"), Joseph Case ("Case") and Daniel McCollum (the "Counterclaims"),[1] as follows:

---

[1]Defendants (i) purport to bring these Counterclaims on behalf of all three Defendants even though Daniel McCollum is not mentioned anywhere in the Counterclaims, and (ii) improperly caption their pleading against Scott Damron and Ron Stuart as a Third-Party Complaint. *See* Fed. R. Civ. P. 13 and 14. In any event, Castle will adopt Defendants' nomenclature of referring to themselves in the Counterclaim as "Counter-Plaintiffs."

## FIRST DEFENSE

Counter-Plaintiffs Counterclaims fail, in whole or in part, to state a claim against Castle upon which relief may be granted.

## SECOND DEFENSE

Counter-Plaintiffs have not sustained any damages as a proximate result of any acts or omissions of Castle.

## THIRD DEFENSE

Counter-Plaintiffs have failed to mitigate their alleged damages.

## FOURTH DEFENSE

Counter-Plaintiffs' damages, if any, are barred, in whole or in part, by the defenses of recoupment and setoff.

## FIFTH DEFENSE

Counter-Plaintiffs' Counterclaims are barred, in whole or in part, by the defenses of waiver, estoppel, acquiescence, and/or ratification.

## SIXTH DEFENSE

Counter-Plaintiffs' damages, if any, were caused in whole or in part by the negligence or other fault of Counter-Plaintiffs, independent third parties, or events

that were extraordinary under the circumstances, not reasonably foreseeable, and/or independent of or far removed from Castle's conduct.

## SEVENTH DEFENSE

No action or inaction by Castle was the proximate cause of Counter-Plaintiffs' damages, if any.

## EIGHTH DEFENSE

Counter-Plaintiffs' Counterclaims are barred, in whole or in part, by the defense of release.

## NINTH DEFENSE

Counter-Plaintiffs' Counterclaims are barred, in whole or in part, by the defense of failure of consideration.

## TENTH DEFENSE

Counter-Plaintiffs' Counterclaims are barred, in whole or in part, by the applicable statute(s) of limitations or laches.

## ELEVENTH DEFENSE

Counter-Plaintiffs' Counterclaims are barred, in whole or in part, because Castle did not breach any duty owing to Counter-Plaintiffs.

**TWELFTH DEFENSE**

Counter-Plaintiff Case's claims against Castle for alleged breach of contract (Count 10) are barred by the defense of payment and the statute of frauds.

**THIRTEENTH DEFENSE**

Counter-Plaintiffs' Counterclaims for equitable relief are barred by the defense of unclean hands.

**FOURTEENTH DEFENSE**

Castle reserves the right to allege further defenses as they may become known through the course of discovery.

**FIFTEENTH DEFENSE**

Responding specifically to the allegations in the Counterclaims, Castle responds as follows:

1.

In response to Paragraph 1 of the Counterclaims, Castle admits that venue is proper in this Court as to the Counterclaims against it.  Castle denies the remainder of Paragraph 1 of the Counterclaims.

2.

Castle admits the allegations in Paragraph 2 of the Counterclaims.

3.

In response to Paragraph 3 of the Counterclaims, Castle admits that Damron is the sole owner and/or managing member of Castle and may be personally served at 5700 Highlands Parkway, SE, Suite 100, Smyrna, Georgia 30082. Castle denies the remainder of Paragraph 3 of the Counterclaims.

4.

In response to Paragraph 4 of the Counterclaims, Castle admits that Stuart is a natural person and is currently employed by Castle. Castle is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 4 of the Counterclaims and therefore must deny them.

5.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Counterclaims and therefore must deny them.

6.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Counterclaims and therefore must deny them.

7.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Counterclaims and therefore must deny them.

8.

In response to the allegations of Paragraph 8, Castle admits that the medical and lab drug testing business is highly specialized and competitive. Castle is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 of the Counterclaims and therefore must deny them.

9.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Counterclaims and therefore must deny them.

10.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Counterclaims and therefore must deny them.

11.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Counterclaims and therefore must deny them.

12.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Counterclaims and therefore must deny them.

13.

In response to Paragraph 13 of the Counterclaims, Castle admits that LabSource is its direct competitor and that Stuart is employed by Castle.  Castle is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13 of the Counterclaims and therefore must deny them.

14.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Counterclaims and therefore must deny them.

15.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Counterclaims and therefore must deny them.

16.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Counterclaims and therefore must deny them.

17.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Counterclaims and therefore must deny them.

18.

Castle denies the allegations in Paragraph 18 of the Counterclaims.

19.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Counterclaims and therefore must deny them.

20.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Counterclaims and therefore must deny them.

21.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Counterclaims and therefore must deny them.

22.

Castle denies the allegations in Paragraph 22 of the Counterclaims.

23.

Castle denies the allegations in Paragraph 23 of the Counterclaims.

24.

In response to Paragraph 24 of the Counterclaims, Castle states that no response is required.  To the extent any response is required, Castle denies Paragraph 24 of the Counterclaims.

25.

In response to Paragraph 25 of the Counterclaims, Castle states that no response is required.   To the extent any response is required, Castle denies Paragraph 25 of the Counterclaims.

26.

In response to Paragraph 26 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 25 in full as if set forth verbatim herein.

27.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Counterclaims and therefore must deny them.

28.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Counterclaims and therefore must deny them.

29.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Counterclaims and therefore must deny them.

30.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Counterclaims and therefore must deny them.

31.

In response to Paragraph 31 of the Counterclaims, Castle states that no response is required.   To the extent any response is required, Castle denies Paragraph 31 of the Counterclaims.

32.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 32 of the Counterclaims and therefore must deny them.

33.

In response to Paragraph 33 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 32 in full as if set forth verbatim herein.

34.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Counterclaims and therefore must deny them.

35.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Counterclaims and therefore must deny them.

36.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Counterclaims and therefore must deny them.

37.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Counterclaims and therefore must deny them.

38.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the Counterclaims and therefore must deny them.

39.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Counterclaims and therefore must deny them.

40.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Counterclaims and therefore must deny them.

41.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Counterclaims and therefore must deny them.

42.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Counterclaims and therefore must deny them.

43.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Counterclaims and therefore must deny them.

44.

In response to Paragraph 44 of the Counterclaims, Castle states that no response is required.   To the extent any response is required, Castle denies Paragraph 44 of the Counterclaims.

45.

In response to Paragraph 45 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 44 in full as if set forth verbatim herein.

46.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Counterclaims and therefore must deny them.

47.

In response to the allegations in Paragraph 47 of the Counterclaims, Castle admits that it and Damron now have knowledge of the Employment Agreement and the Confidentiality and Secure Agreement.

48.

Castle denies the allegations in Paragraph 48 of the Counterclaims.

49.

Castle denies the allegations in Paragraph 49 of the Counterclaims.

50.

Castle denies the allegations in Paragraph 50 of the Counterclaims.

51.

Castle denies the allegations in Paragraph 51 of the Counterclaims.

52.

Castle denies the allegations in Paragraph 52 of the Counterclaims.

53.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 53 of the Counterclaims and therefore must deny them.

54.

Castle denies the allegations in Paragraph 54 of the Counterclaims.

55.

Castle denies the allegations in Paragraph 55 of the Counterclaims.

56.

Castle denies the allegations in Paragraph 56 of the Counterclaims.

57.

Castle denies the allegations in Paragraph 57 of the Counterclaims.

58.

Castle denies the allegations in Paragraph 58 of the Counterclaims.

59.

Castle denies the allegations in Paragraph 59 of the Counterclaims.

60.

In response to Paragraph 60 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 59 in full as if set forth verbatim herein.

61.

In response to Paragraph 61 of the Counterclaims, Castle denies making any "use" of any "trade secrets" of LabSource.  Castle is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 61 of the Counterclaims and therefore must deny them.

62.

Castle denies the allegations in Paragraph 62 of the Counterclaims.

63.

Castle denies the allegations in Paragraph 63 of the Counterclaims.

64.

Castle denies the allegations in Paragraph 64 of the Counterclaims.

65.

In response to Paragraph 65 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 64 in full as if set forth verbatim herein.

66.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Counterclaims and therefore must deny them.

67.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Counterclaims and therefore must deny them.

68.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Counterclaims and therefore must deny them.

69.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 69 of the Counterclaims and therefore must deny them.

70.

In response to Paragraph 70 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 69 in full as if set forth verbatim herein.

71.

Castle denies the allegations in Paragraph 71 of the Counterclaims.

72.

Castle denies the allegations in Paragraph 72 of the Counterclaims.

73.

Castle denies the allegations in Paragraph 73 of the Counterclaims.

74.

Castle denies the allegations in Paragraph 74 of the Counterclaims.

75.

Castle denies the allegations in Paragraph 75 of the Counterclaims.

76.

Castle denies the allegations in Paragraph 76 of the Counterclaims.

77.

Castle denies the allegations in Paragraph 77 of the Counterclaims.

78.

In response to Paragraph 78 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 77 in full as if set forth verbatim herein.

79.

Castle denies the allegations in Paragraph 79 of the Counterclaims.

80.

Castle denies the allegations in Paragraph 80 of the Counterclaims.

81.

Castle denies the allegations in Paragraph 81 of the Counterclaims.

82.

Castle denies the allegations in Paragraph 82 of the Counterclaims.

83.

Castle denies the allegations in Paragraph 83 of the Counterclaims.

84.

Castle denies the allegations in Paragraph 84 of the Counterclaims.

85.

In response to Paragraph 85 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 84 in full as if set forth verbatim herein.

86.

Castle is without sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Counterclaims and therefore must deny them.

87.

Castle denies the allegations in Paragraph 87 of the Counterclaims.

88.

Castle denies the allegations in Paragraph 88 of the Counterclaims.

89.

Castle denies the allegations in Paragraph 89 of the Counterclaims.

90.

In response to Paragraph 90 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 89 in full as if set forth verbatim herein.

91.

Castle denies the allegations in Paragraph 91 of the Counterclaims.

92.

Castle denies the allegations in Paragraph 92 of the Counterclaims.

93.

Castle denies the allegations in Paragraph 93 of the Counterclaims.

94.

In response to Paragraph 94 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 93 in full as if set forth verbatim herein.

95.

In response to Paragraph 95 of the Counterclaims, Castle admits that Case worked for it for some period of time.  Castle denies the remaining allegations in Paragraph 95 of the Counterclaims.

96.

Castle denies the allegations in Paragraph 96 of the Counterclaims.

97.

Castle denies the allegations in Paragraph 97 of the Counterclaims.

98.

Castle denies the allegations in Paragraph 98 of the Counterclaims.

99.

Castle denies the allegations in Paragraph 99 of the Counterclaims.

100.

Castle denies the allegations in Paragraph 100 of the Counterclaims.

101.

In response to Paragraph 101 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 100 in full as if set forth verbatim herein.

102.

Castle denies the allegations in Paragraph 102 of the Counterclaims.

103.

Castle denies the allegations in Paragraph 103 of the Counterclaims.

104.

Castle denies the allegations in Paragraph 104 of the Counterclaims.

105.

Castle denies the allegations in Paragraph 105 of the Counterclaims.

106.

In response to Paragraph 106 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 105 in full as if set forth verbatim herein.

107.

Castle denies the allegations in Paragraph 107 of the Counterclaims.

108.

Castle denies the allegations in Paragraph 108 of the Counterclaims.

109.

In response to Paragraph 109 of the Counterclaims, Castle repeats and re-alleges each of its defenses and responses to Paragraphs 1 through 108 in full as if set forth verbatim herein.

110.

Castle denies the allegations in Paragraph 110 of the Counterclaims.

111.

Castle denies the allegations in Paragraph 111 of the Counterclaims, including that South Carolina Rules of Civil Procedure apply in this civil action.

112.

Responding to the unnumbered "WHEREFORE" paragraph on pages 44-45 of the Counterclaims, Castle denies that it is liable to Counter-Plaintiffs in any amount or manner whatsoever or that Counter-Plaintiffs are entitled to any relief in this action.

113.

Castle denies each and every allegation in the Counterclaims that is not expressly and unequivocally admitted above.

WHEREFORE, Castle respectfully prays that:

a)      the Counterclaims against Castle be dismissed with prejudice and that judgment be entered in favor of Castle as to all counts of the Counterclaims;

b)      Castle be awarded its costs and reasonable attorneys' fees for having to defend against the Counterclaims;

c)      Castle be granted the relief it seeks in its Complaint; and

d)      Castle be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2015.

TAYLOR ENGLISH DUMA LLP

/s/ Michael Eric Ross
Michael Eric Ross
Georgia Bar No. 615190
mross@taylorenglish.com
Richard Allan Kaye
Georgia Bar No. 409313
rkaye@taylorenglish.com
Joseph C. Sullivan
Georgia Bar No. 153098
jsullivan@taylorenglish.com

1600 Parkwood Circle - Suite 400
Atlanta, Georgia 30339
(770) 434-6868
(770) 434-7376 (Facsimile)

*Attorneys for Plaintiff Castle Medical, LLC*

## CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the within and foregoing *ANSWER OF PLAINTIFF CASTLE MEDICAL, LLC TO FIRST AMENDED COUNTERCLAIMS OF DEFENDANTS* with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Tarek S. Abdel-aleem, Esq.
tarek@josephaleem.com
1130 Hurricane Shoals Road, NE
Suite 2600
Lawrenceville, GA 30043

This 30th day of June, 2015.

TAYLOR ENGLISH DUMA LLP

/s/ Michael Eric Ross
Michael Eric Ross
Georgia Bar No. 615190
mross@taylorenglish.com

1600 Parkwood Circle - Suite 400
Atlanta, Georgia 30339
(770) 434-6868
(770) 434-7376 (Facsimile)

*Attorney for Plaintiff Castle Medical, LLC*

24